*law library*

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

GENEVIA SAN JUAN,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM0248-12

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on November 15, 2012. Attorney Mark Williams appeared representing Defendant, who was present. Attorney Frances DeCecco appeared on behalf of the Government. Having reviewed the pleadings and the arguments presented, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with Driving While Intoxicated, Driving While Intoxicated (B.A.C.) and Reckless Driving. Defendant filed a Motion for Discovery on August 16, 2012. Defendant also filed two additional motions on September 19, 2012. The Government then filed a Motion For Leave of Court to File Responses to Defense Motions and all oppositions on October 11, 2012. The Government also filed a non-opposition to Defendant's Motion to Allow Evidence to Rebut Chemical Test Result on October 11, 2012. The Court heard all pending motions on November 15, 2012.

### DISCUSSION

#### Motion for Leave to File Government's Responses

The Government requests that the Court grant the Government leave to respond to Defendant's motions after the opposition cut-off put forth in the Scheduling Order. The Government argues that Defendant filed some of her motions after the cut-off date and the Government needed time to respond. Considering the record, the Court will grant the Government leave to file oppositions beyond the cut-off date.

## Motion to Exclude Evidence

Defendant moves the Court to exclude the Government from presenting any evidence relating to Defendant's statements to the police after she was pulled over and to exclude any testimony regarding the police report. In opposition, the Government argues that Defendant's statements came voluntarily and after the *Miranda* warnings were provided to Defendant.

The Court views the portion of Defendant's Motion to Exclude Evidence relating to Defendant's statements as a Motion to Suppress. There are two distinct arguments made by the Defendant and the Court will address the request to suppress Defendant's statements first. Here, Defendant made three series of statements and the Court will address them in order.

As to any statement made by the Defendant after she was pulled over but before her arrest, the Court finds that there was no custodial interrogation. As a result, there can be no violation because the requirements in *Miranda* only attach to questioning after a suspect is in custody. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Here, the roadside questioning pursuant to the initial DUI investigation does not violate *Miranda* or Defendant's constitutional rights. The United States Supreme Court ruled that roadside questioning occurring after a traffic stop but before an arrest does not necessarily constitute custodial interrogation for the purposes of *Miranda. Berkemer v. McCarty*, 468 U.S. 420, 441 (1984). The Court finds that the facts of this case closely correlate to the facts in *Berkemer* and the Court concludes in a similar way. Any statement made before Defendant's arrest will not be suppressed.

The Defendant also allegedly made statements after the arrest but before she was brought to the police station. Custodial interrogation does not have to occur at a police station. As soon as a suspect's freedom to leave is removed, the police may not ask questions without apprising the suspect of his or her *Miranda* warnings. If a reasonable person would have felt he or she was not at liberty to terminate the interrogation and leave, that person is in police custody. *Thompson v. Keohane*, 516 U.S. 99, 112 (1995). The Government argues that Defendant was given the *Miranda* warnings as soon as she was arrested. No evidence indicates otherwise and all evidence indicates that Defendant impliedly waived her rights by responding to questions after knowing of her rights to remain silent and have an attorney present. Thus, any

statement made by Defendant after the *Miranda* warnings were read to her will not be suppressed.

Defendant then provided a written statement and agreed to a breath test once at the police precinct. Defendant may also have made oral statements while present with the police. Any statement she made at the precinct came after she signed a custodial interrogation form and after she received the *Miranda* warnings. The Court agrees with the Government and finds that Defendant's written statement should not be suppressed as she freely waived her right to remain silent.

The questioning of Defendant was proper at all stages. Defendant waived her rights expressly and impliedly. Defendant's statements will not be suppressed and the Court will deny Defendant's Motion to Exclude Evidence as it applies to her statements.

As the motion relates to the police report, the Court agrees that the police report is not evidence. This is a well-known rule within criminal law followed by most, if not all, jurisdictions. Yet, the Court will not limit the introduction of evidence that is otherwise admissible simply because it is contained in the police report. If the testifying witness relies solely on the police report to recall the details and has no recollection of the facts, then the Court may entertain exclusion of such testimony. As it stands, any officer who personally interacted with Defendant may testify about that interaction even if a summary of that interaction is contained in the police report. While the police report itself may not be the sole source of information, it may also be useful to refresh the memory of a witness. In sum, the Court will deny Defendant's Motion to Exclude, but will entertain a request for exclusion when it becomes apparent that a police officer is not testifying from his memory, but solely from the police report.

**Motion to Allow Evidence to Rebut Chemical Test Result**

Defendant argues that she should be allowed to rebut the chemical test result. The Government does not oppose the motion. The Court has reviewed the points and authorities argued by Defendant to apply to her motion and the Court agrees with the Defendant. The Court will allow the presentation of any relevant evidence to rebut the chemical test result.

**Motion for Discovery**

Defendant argues that the Government must provide additional discovery and lists 25 items that should be within the Government possession or control. The Government responds that it has done its best to comply with all discovery and will not turn over anything it is not permitted to under the rules or that does not exist.

The Court agrees with the Defendant that the requested items are discoverable. Yet, the Court does not believe that failure to turn over additional discovery is in bad faith. The Court finds that the Government continues to turn over all discovery that exists and is in the Government's possession or control.

The only item, as the Court finds, that remains in contention is the Intoximeter EC/IR Manual. As to the manual, the Court concludes that the Government does not have the manual in its possession. The Court does understand that the Government has an obligation to actively search for relevant exculpatory evidence, but the Court does not believe that the Government has any more ability to acquire the manual than the Defendant. The Court will grant Defendant's Motion for Discovery but understands that the Government may have complied with all outstanding discovery requests. For any item of discovery that remains at issue after this Decision and Order is filed, the Court will address that item at future hearings.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Exclude Evidence, GRANTS Defendant's Motion to Allow Evidence to Rebut Chemical Test Result and GRANTS Defendant's Motion for Discovery. The Court further orders that the Government provide any requested discovery, if it is remotely possible to do so, and to provide that discovery expeditiously. The Parties will return January 7, 2013 at 10:00a.m. for Criminal Trial Setting.

**SO ORDERED** this_____ day of December, 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

DEC 1 7 2012

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM